# EXHIBIT A

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on __2/19/2013__

a COMPLAINT has been filed in this case

and you are required to serve the same on or before the

__3/21/2013__

Kate Barkman, Director
Department of Court Records

## COMPLAINT IN CIVIL ACTION

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| Plaintiff(s)<br>**Walker, Kenneth R.** | Case Number :<br>GD - 13 - 003143 |
|---|---|
| | Type of pleading:<br>**COMPLAINT** |
| | Filed on behalf of:<br>**Kenneth R. Walker**<br><br>**Clayton S. Morrow**<br>(Name of the filing party) |
| Vs | |
| Defendant(s)<br>**Gordon & Weinberg P.C.**<br>**Main Street Acquisition Corpation** | ☒ X  Counsel of Record<br><br>☐  Individual, If Pro Se |
| | Name, Address and Telephone Number :<br>**Clayton S. Morrow**<br>**1751 Lincoln Highway**<br>**North Versailles , PA 15137** |
| | Attorney's State ID: **53521** |



**Kate Barkman, Director, Department of Court Records**



E-FILED

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, FEB 1 9 2012
PENNSYLVANIA

G-D-13-3148   CIVIL/FAMILY DIVISION
DEPT. OF COURT RECORDS
ALLEGHENY COUNTY, PA.

KENNETH R. WALKER                          Case No. ~~GD-12~~

    Plaintiff,

    v.

MAIN STREET
ACQUISITION CORP.,                         **COMPLAINT**
and
GORDON & WEINBERG, P.C.

    Defendants.                            Filed on Behalf of Plaintiff:
                                           KENNETH R. WALKER

Counsel of Record:

Clayton S. Morrow, Esquire
Pa. I.D. # 53521

MORROW & ARTIM, P.C.
304 Ross Street, 7th Floor
Pittsburgh PA 15219
(412) 281-1250
(412) 386-3184 fax
clay@pacreditcardlaw.com

Jeffrey L. Suher, Esquire
Pa.I.D. # 74924

JEFFREY L. SUHER, P.C.
4328 Old Wm Penn Hwy,
Ste 2J
Monroeville, PA 15146
(412) 374-9005
(412) 374-0799 (fax)
jsuherlaw@me.com

RECEIVED
13 MAR -1 PM 2:26
OFFICE OF THE
SHERIFF
MONTG. CO. PA.

**JURY TRIAL DEMANDED**

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

KENNETH R. WALKER                    Case No. GD12-

        Plaintiff,

   v.

MAIN STREET
ACQUISITION CORP.,
and
GORDON & WEINBERG, P.C.


        Defendants.


### NOTICE TO DEFEND

     YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND THE COURT MAY ENTER A JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER OR MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE – ALLEGHENY COUNTY BAR ASSOCIATION
436 7TH AVENUE 11TH FLOOR – KOPPERS BUILDING
PITTSBURGH PA 15219
412-261-0518 OR 800-692-7375
PENNSYLVANIA LAWYER REFERRAL SERVICE

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

KENNETH R. WALKER

        Plaintiff,

   v.

MAIN STREET
ACQUISITION CORP.,
and
GORDON & WEINBERG, P.C.

        Defendants.

Case No. GD12-

## COMPLAINT

### INTRODUCTION

1.      This is an action for actual, statutory, punitive damages, costs and attorneys' fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Pennsylvania Dragonetti Act, 42 Pa.C.S.A. §§ 8351-8355.

2.      Defendants attach as an exhibit to their debt collection lawsuits false, misleading and deceptive affidavits.

3.      In nearly all of these lawsuits, Defendants do not possess and cannot obtain proof that the consumers they sue owe the debts in the amount alleged.

4.      The debt collection lawsuits and affidavits misrepresent the character, amount, or legal status of the alleged debt.

5.     The primary characters in this fraudulent scheme are (1) a law firm, Gordon & Weinberg, P.C. ("GW") and a debt collector, Main Street Acquisition Corp. ("Main Street").

6.     Plaintiff Kenneth R. Walker ("Walker") seeks to end this abhorrent practice.

## PARTIES

7.     Plaintiff Kenneth R. Walker ("Walker") is a resident and citizen of Allegheny County, Pennsylvania.

8.     Defendant Main Street is a foreign limited liability company existing pursuant to the laws of the State of Delaware.  Main Street is engaged in the business of debt collection.  Main Street is a "debt collector" as defined by the FDCPA, and maintains an office at 3715 Davinci Court, Suite 200, Norcross, GA 30092.  Main Street's registered agent is listed as The Corporation Trust Company, Corporation Trust Center, 1209 Orange St, Wilmington, DE 19801.  Main Street regularly conducts business in Allegheny County, Pennsylvania.

9.     Defendant GW is a Pennsylvania Professional Corporation engaged in the business of debt collection as well as the practice of law in the Commonwealth of Pennsylvania.  G&W's principal place of business is 1001 E. Hector Street, Suite 220, Conshohocken, Pennsylvania.  G&W regularly files lawsuits against Pennsylvania residents in Pennsylvania courts as part of its debt collection activities and is a "debt collector" as defined by 15 U.S.C. § 1692a.  G&W regularly conducts business in Allegheny County, Pennsylvania.

## FACTS

**A.   Background Facts**

**1.   Debt Buyers**

10.   "Debt buyers" are companies, like Main Street, that buy defaulted, charged-off debts for pennies on the dollar and then seek to collect the full face value of the debts for themselves.  Many debt buyers also resell debts to other debt buyers.  It is not uncommon for debts to be bought and sold numerous times over.

11.   Debts are priced on a sliding scale, with freshly charged-off debts commanding a higher price than older debts that other debt buyers and collection agencies have previously tried and failed to collect.  There is even an active market for debts that are past the statute of limitations and for debts that have previously been discharged in bankruptcy.

12.   When debt buyers purchase portfolios they do not actually purchase anything other than the theoretical claim of ownership.  There are no records assigned and no contracts transferred.  The debt buyers typically do not purchase or obtain documents showing indebtedness between the original creditor and debtor, such as a contract, account statements, customer service records, or customer dispute records.  All that debt buyers actually purchase is an electronic list of consumers and their last known addresses with an amount the creditor claims to have been owed.  This information is transmitted to the debt buyer electronically in the form of a spreadsheet and is often referred to as "media." Often the interest rates, dates of birth or social security numbers are not included, and addresses have not been updated.

13.     Some debt purchase and sale agreements provide the debt buyer may go back to the original creditor and obtain account documentation for only a limited period of time and in only a limited number of accounts, such as 2% of the accounts.  Other purchase and sale agreements provide that the debt buyer may never obtain any documentation for any debts in the portfolio.  In addition, each time a debt is resold, it becomes less likely that the purchaser will be able to obtain documentation of the debt.

14      Often times the purchase and sale agreements state that the creditor does not warrant the accuracy of the information provided.

15.     As a result, most debt buyers have significant difficulty substantiating their claims, which has been widely recognized as a problem for the industry and consumers. *See e.g.,* Federal Trade Commission, *Collecting Consumer Debts: The Challenges of Change* (2009) (discussing problem and proposing solutions).

16.     In fact, though debt buyers will often produce what is claimed to be an original card member agreement, a document containing terms and conditions of a credit card account, these documents are false.  Creditors who do transfer and make available later the "terms and conditions" do not provide debt buyers with the actual agreement or documents for that specific account.  Instead, the creditors provide, and the debt buyers retain, only a generic sample contract, which they later represent to consumers and the courts as a genuine contract for that specific account.

17.     Debt buyers use multiple tools to collect consumer debts, including contacting consumers directly by mail, telephone, text message and email, reporting the debt to credit reporting agencies, and hiring other debt collectors to collect the debt for

them.  Increasingly, however, debt buyers have turned to the courts to collect consumer debts.

18.     To aid in litigation against consumers, debt buyers have established relationships with debt collection law firms throughout the country who serve less in the capacity as traditional legal counsel, and more as an outsource vendor.  The law firms are paid a contingency percentage of recovery.

19.     Debt buyers use these third party law firms and the courts in the Commonwealth of Pennsylvania as a means to collect from consumers in a manner that does not comply with Pennsylvania law.

20.     As an example of one such violation, debt buyers submit affidavits with the lawsuits they file in the Courts that contain numerous falsehoods.  These affidavits misrepresent that the affiant has personal knowledge and can testify as to the allegations set forth in the complaint.

21.     The benefit to defendants of insuring that complaints are field with probable cause is outweighed by the cost of the staff and attorney time inherent in doing so.

22.     Furthermore, the claimed affiant is at times not the actual individual who signs the affidavit.  Instead, other individuals sign the sworn affidavit, claiming to be the affiant whose name appears on the affidavit.

23.     Debt buyers, like other plaintiffs in civil lawsuits, bear the burden of proof in legal actions.  In order to prevail, the debt buyer must submit admissible evidence demonstrating that it is the rightful owner of the account and that the defendant actually owes the debt in the precise amount claimed.

24.     Debt buyers generally do not obtain additional account documentation prior to bringing a lawsuit against a consumer. Instead, debt buyers generally bring lawsuits based solely upon the skeletal "media" obtained upon purchase of the account portfolio. This "media" is not sufficient to meet the debt buyer's burden of proof as the plaintiff in a lawsuit.

25.     Furthermore, because purchase and sale agreements severely limit or wholly eliminate debt buyers' ability to obtain documentation of the debts from the original creditor, debt buyers are actually unable to obtain admissible evidence of the debt in the vast majority of cases that they file.

26.     Because of the high rate of defaults by Defendants in debt collection lawsuits, however, debt buyers are rarely put to their proof.

27.     Consumers appear to defend themselves in a small number of cases, and debt buyers obtain default judgments in the vast majority of lawsuits that they bring.

28.     Consumers are substantially harmed when Defendants use the default judgments to freeze bank accounts and pressure them into making settlement agreements on debts of dubious merit for which little or no documentation is available. They are also harmed when these judgments appear on their credit reports, preventing them from obtaining housing, employment, or affordable credit.

29.     The high rate of default judgments entered in such collection actions creates a disincentive for the debt buyers to check the truth and accuracy of their pleadings or affidavits.

30.    In the event a consumer contests a debt buyer's collection action, the debt buyer in substantially all of these cases will dismiss the suit on a cost-benefit calculation, which weighs the cost of obtaining proof of their claim against the expected judgment.

**B.    Defendant's Facts**

31.    Defendants are sophisticated litigants who specialize in debt collection.

32.    Defendant Main Street accomplishes its debt buying operation by purchasing multiple multi-million dollar portfolios of distressed and charged off debt from original creditors.  Many of these debts are credit card accounts.

33    Defendant Main Street routinely uses the Civil Courts to collect debts from consumers.

34.    Defendant Main Street, through the Defendant G & W law firm, file hundreds if not thousands of collection lawsuits every year alleging that consumers owe precise dollar amounts and attach affidavits swearing to the courts and to the consumers that these precise amounts are true and correct.

35.    Defendants' pattern and practice is to attempt to collect debts by filing complaints without probable cause.

36.    Defendants intentionally use virtually identical form complaints in the lawsuits they file, alleging facts that are not in the possession of Defendants to which Defendants' officers, employees and/or agents are not qualified to sign under oath due to their lack of proper information.

37.    Defendants' affidavits are purposely drafted in such a manner as to suggest that Defendants can produce a witness and have obtained or could obtain documentation of the debt from the original creditor, including evidence of an

indebtedness between the original creditor and debtor, such as a contract and any subsequent amendments to the contract, account statements, customer service records, or customer disputes.  On information and belief, however, the Defendants have not obtained documentation from the original creditor, nor are they able or intending to obtain such documentation in the vast majority, if not all, cases.

38.     Upon information and belief, Defendant Main Street worked with Defendant GW to help create the false affidavits, drafting language that the Defendants knew would be interpreted incorrectly by consumers and courts across the country. Defendants designed the affidavits to be misinterpreted.

39.     Defendants authorize and/or have knowledge of the deceptive and misleading nature of the affidavits and lack of probable cause.

## C.     Plaintiff's Facts

40.     On February 22, 2012, Main Street, through the G & W law firm, sued Walker on an alleged credit card debt. (Main Street Acquisition Corp. v. Walker, AR-12-001207, Court of Common Pleas of Allegheny County) ("Walker underlying case").  A true and correct copy of the complaint is attached as Exhibit "A".

41.     Frederic I. Weinberg, Esquire ("Weinberg") allegedly signed the complaint.

42.     Weinberg is a founding member and partner of Gordon & Weinberg, P.C.

43.     The complaint included, and relied upon, a notarized affidavit allegedly signed by Emily Woods ("Woods").

44.    Woods avers in the affidavit that she has personal knowledge and can testify at trial as to the facts alleged in the complaint.

45.    These statements are false, misleading and deceptive.

46.    Upon information and belief, the original creditor provided Main Street with a computer data file in the form of an electronic spreadsheet known in the industry as "media."

47.    Computerized files of an original creditor as the business records of a successor debt buyer are not admissible. *Commonwealth Financial Systems, Inc. v. Smith*, 15 A.3d 492 (Pa. Super. 2011).

48.    Woods is not familiar with how the original creditor created or maintained its business records, employed or protected its computers, and electronically transmitted spreadsheets.

49.    Woods does not have personal knowledge that the entries on the spreadsheets were made at or near the time of the events or that someone with knowledge transmitted the data.

50.    Woods is not competent to testify to the matters contained in the affidavit or complaint since she is relying on computerized files of the original creditor.

51.    Defendants knew or should have known that Woods was not competent to testify.

52.    Upon information and belief, at the time the complaint was filed, the Defendant was not in possession of (1) account statements starting with a zero balance up through the date of the alleged default, (2) terms and conditions for the subject account;

(3) account statements reflecting Walker owed $4,018.07 as of February 22, 2012; (4) proof that Walker's account was assigned from the original creditor.

53.     Defendants knowingly filed the action without proof of an agreement, assignment, or monthly billing statements as required by the Pennsylvania Rules of Civil Procedure.

54.     The defendants brought the suit knowing full well that they had no chance of success on the merits.

55.     The only possible intention of the Defendants for bringing the suit was to obtain a default judgment against Walker or force a settlement.

56.     Upon information and belief, at the time the complaint was filed, Woods and Weinberg did not review documents evidencing acquisition of Walker's account

57.     Upon information and belief, Defendants did not have personal knowledge of the accuracy of the information provided by the original creditor.

58.     The complaint and affidavit falsely represent Main Street's legal standing to collect the debt.

59.     On March 29, 2012, Walker filed preliminary objections to the complaint.

60.     On April 16, 2012, in the face of imminent defeat, Main Street filed a Praecipe to discontinue without prejudice.

61.     Walker incurred attorney's fees in defending against the complaint.

62.     As a direct and proximate result of Defendants' conduct, Walker suffered harm to his reputation, emotional distress, mental anguish and humiliation.

63.     Defendants initiated the complaint knowing that they would not be able to obtain sufficient proof to prevail and after having failed to conduct an adequate investigation.

64.     Defendants filed the complaint in the hopes of obtaining a default judgment.

65.     It is the Defendants' pattern and practice to file complaints without possessing admissible evidence supporting the allegations.

66.     Defendants abused the judicial process by allowing Walker to incur needless legal fees.

67.     Defendants stubbornly pursue baseless litigation for an improper purpose. They rely on default judgments or settlements with pro-se consumers. When confronted with preliminary objections, the Defendants lose.

68.     Defendants' conduct is malicious, willful, or oppressive, or shows a reckless indifference to the interests of others and warrants punitive damages.

## COUNT I

## VIOLATION OF THE FDCPA

69.     Plaintiff repeats and re-alleges all the paragraphs above as if they were restated herein verbatim.

70.     Defendants violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1) by filing complaints and affidavits containing false, misleading and/or fraudulent representations in an attempt to collect an alleged debt.

71.     Walker suffered emotional distress, as a result of Defendants' violations of the FDCPA.

72.     Walker is entitled to recover actual damages, as well as statutory damages, costs and attorneys' fees as provided by the FDCPA.

## COUNT II

## VIOLATION OF THE DRAGONETTI ACT

73.     Plaintiff repeats and re-alleges all the paragraphs above as if they were restated herein verbatim.

74.     At the time the complaint was filed against Walker, Defendants did not reasonably believe that the facts in their possession established a valid cause of action against Walker under either existing or developing law.

75.     At the time the complaint was filed against Walker, Defendants did not have in their possession, admissible evidence to establish that Walker owed Main Street the amount set forth in the complaint.

76.     The filing of the complaint by Defendants was done in a grossly negligent manner or without probable cause, and for an improper purpose, namely to extort money from Walker.

77.     The complaint brought by Defendants against Walker was terminated in favor of Walker.

78.     Defendants' conduct as detailed herein is part of a pattern and practice of illegal conduct.

79.     Defendants' conduct as detailed herein is malicious, wanton, willful or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for all damages to which he is entitled as follows:

a.   Actual Damages.

b.   Statutory Damages.

c.   Punitive damages.

d.   Costs and reasonable attorney fees.

e.   Such other and further relief as the Court may deem just and proper.

Plaintiff seeks an amount in excess of Arbitration Limits.

Respectfully Submitted,


**MORROW & ARTIM, P.C.**


*/s/ Clayton S. Morrow*
Clayton S. Morrow, Esquire
Attorney for Plaintiff


**JEFFREY L. SUHER, P.C.**

*/s/Jeffrey L. Suher*
Jeffrey L. Suher, Esquire
Attorney for Plaintiff

2119889

ABOVE SPACE FOR COURT USE ONLY

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Main Street Acquisition Corp.
P.O. BOX 2529
SUWANEE, GA  30024

CIVIL DIVISION, ARBITRATION
AND STATUTORY APPEALS ONLY

vs.

CASE NUMBER. :

KENNETH R WALKER
101 ELIZABETH LN
Pittsburgh PA 15237-2809

TYPE OF PLEADING: COMPLAINT/
CIVIL ACTION
CODE AND CLASSIFICATION _____

FILED   ON   BEHALF   OF   :
P L A I N T I F F Main   Street
Acquisition Corp., ET AL.

FREDERIC I. WEINBERG, ESQUIRE
JOEL M. FLINK, ESQUIRE
GORDON & WEINBERG, P.C.
Attorney I.D. Nos.: 41360 & 41200
1001 E. Hector Street, Suite 220
Conshohocken, PA 19428
215/988-9600
ATTORNEY FOR PLAINTIFF(S)


Ex "A"

2119889

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

Main Street Acquisition Corp.          ARBITRATION DOCKET:
P.O. BOX 2529
SUWANEE, GA   30024                    NO. _____
                    Plaintiff(s)
                                       HEARING DATE: _____

                    vs.

KENNETH R WALKER
101 ELIZABETH LN
Pittsburgh PA 15237-2809

                    Defendant(s)

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILLING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEEL.

ALLEGHENY BAR ASSOCIATION
LAWYER REFERRAL SERVICE
920 CITY-COUNTY BUILDING, 414 GRANT STREET
PITTSBURGH, PENNSYLVANIA
412-261-5555

## HEARING NOTICE

YOU HAVE BEEN SUED IN COURT. THE ABOVE NOTICE TO DEFEND EXPLAINS WHAT YOU MUST DO TO DISPUTE THE CLAIMS AGAINST YOU. IF YOU FILE THE WRITTEN RESPONSE REFERRED TO IN THE NOTICE TO DEFEND, A HEARING BEFORE A BOARD OF ARBITRATORS WILL TAKE PLACE IN COURTROOM 2, SEVENTH FLOOR OF THE CITY COUNTY BUILDING 414 GRANT STREET, PITTSBURGH, PA, ON _____, 2012 AT 9:00 AM. IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING.

## DUTY TO APPEAR AT ARBITRATION HEARING

IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE:          YOU MUST RESPOND TO THIS COMPLAINT WITHIN TWENTY (20) DAYS OR A JUDGMENT FOR THE AMOUNT CLAIMED MAY BE ENTERED AGAINST YOU BEFORE THE HEARING.
                 IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD IMMEDIATELY BEFORE A JUDGE WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

2119889
THIS IS AN ARBITRATION MATTER.
ASSESSMENT OF DAMAGES HEARING REQUIRED.

GORDON & WEINBERG, P.C.
BY:   FREDERIC I. WEINBERG, ESQUIRE
      Identification No.: 41360
      JOEL M. FLINK, ESQUIRE
      Identification No.:  41200
1001 E. Hector Street, Ste 220
Conshohocken, PA  19428
484/351-0500

| | |
|---|---|
| Main Street Acquisition Corp.<br>P.O. BOX 2529, SUWANEE,GA<br>30024 | COURT OF COMMON PLEAS<br>ALLEGHENY COUNTY |
| vs. | DOCKET NO. : |
| KENNETH R WALKER<br>101 ELIZABETH LN<br>Pittsburgh PA 15237-2809 | |

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS
SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS
AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE
PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES
OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU
FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGEMENT MAY BE ENTERED
AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE
COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF.  YOU
MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A
LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN
PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO
PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO
ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
11th floor Koppers Bldg.
436 Seventh Avenue
Pittsburgh, PA 15219
412-261-5555

## COMPLAINT IN CIVIL-ACTION

1.    Plaintiff, Main Street Acquisition Corp. , is a debt buyer and successor in interest to the original creditor, HSBC BANK NEVADA NA issuer of Best Buy Gold MasterCard.

2.    At all times relevant hereto, the defendant(s) was the holder of a credit card, which at the request of the defendant(s) was issued to the defendant(s) by the original creditor under the terms of which the original creditor agreed to extend to defendant(s) the use of original creditor's credit facilities.

3.    Defendant(s) accepted and used the aforesaid credit card so issued and by so doing agreed to perform the terms and conditions prescribed by the original creditor for the use of said credit card.

4.    The defendant(s) received and accepted goods and merchandise and/or accepted services or cash advances through the use of the credit card issued by the original creditor.  A true and correct copy of the Statement of Account or Affidavit of Account, if available, is attached hereto as Exhibit "A".

5.    All the credits to which the defendant(s) is entitled have been applied and there remains a balance due as of January 27, 2012 in the amount of $4,018.07.

6.    Plaintiff has made demand upon the defendant(s) for payment of the balance due but the defendant(s) has failed and refused and still refuses to pay the same or any part thereof.

7.   Defendant's last payment on account was made on 6/27/2008.

WHEREFORE, plaintiff claims of the defendant(s) the sum of $4,018.07 plus applicable costs, interest and attorney's fees.

GORDON & WEINBERG, P.C.

BY:_____

FREDERIC I. WEINBERG, ESQUIRE
JOEL M. FLINK, ESQUIRE
Attorney for Plaintiff

P01P.DB

2119889
10976173

Main Street Acquisition Corp.


KENNETH R WALKER
517669020144999


## VERIFICATION

I hereby state that I am the agent for the plaintiff herein, and that
the facts set forth in the attached Affidavit which is incorporated by
reference in the foregoing Complaint in Civil Action are true and correct to
the best of my knowledge, information and belief and is based upon
information which plaintiff has furnished to counsel.  The language in the
Complaint is that of counsel and not of plaintiff.  To the extent that the
contents of the Complaint are that of counsel, plaintiff has relied upon
counsel in making this verification.  This verification is made subject to 18
Pa.C.S. §4904 which provides for certain penalties for making false
statements.


NAME: _Emily Woods_

EXHIBIT "A"

2119889
Main Street Acquisition Corp.

KENNETH R WALKER

5176690020144999

### AFFIDAVIT

I, _Emily Woods_ _____ being duly served sworn according to law, depose and say that:

1.    I am an affiant for the Plaintiff herein and I have custody and control of the files relating to this account;

2.    I have personal knowledge of the facts and circumstances in connection with this case and base this affidavit on Plaintiff's records, as well as the account information provided to Plaintiff Main Street Acquisition Corp. upon the purchase of debtor's account, which was issued by HSBC BANK NEVADA NA issuer of Best Buy Gold MasterCard.

3.    Plaintiff's files are maintained in the usual and ordinary course of business;

4.    This action is based on a claim for breach of contract and that damages are sought as a direct result of said breach;

5.    There is now due and owing from defendant to plaintiff, the amount of $3,406.55 plus interest of $574.56 at the rate of 6% less credits in the amount of $.00 totaling $3,981.11 as of November 22, 2011.

6.    If called upon, affiant can testify at trial as to the facts pertaining to this matter.

The above facts are true and correct to the best of my knowledge, information and belief.

AFFIANT NAME: _Emily Woods_

Sworn to and Subscribed

before me this _8th_ day

of _December_, 2011

Notary Public

INDIRA COOPER
MY COMMISSION EXPIRES
DEC
16
2012
DEKALB CO., GEORGIA
NOTARY PUBLIC

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

KENNETH R. WALKER                    Case No. GD12-

     Plaintiff,

     v.

MAIN STREET
ACQUISITION CORP.,
and
GORDON & WEINBERG, P.C

     Defendants.

### VERIFICATION

I, KENNETH R. WALKER, Plaintiff, hereby certifies that the allegations set forth in the within Complaint against are true and correct to the best of my knowledge, information, and belief.

I, KENNETH R. WALKER, verify under penalty of perjury that the foregoing is true and correct.

_____
KENNETH R. WALKER

2 / 8 / 2013
DATE